The Law Office of Paul B. Weitz & Associates
Paul B. Weitz, Esq. (PW-0025)
233 Broadway, 5th Floor
New York, New York 10279

Co-Counsel for Plaintiffs:
Jeffrey M. Gottlieb, Esq. (JG-7905)
150 East 18th Street
Suite PHR
New York, New York 10003


08 CV 3134
JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ERIC EDWARDS, Individually and on Behalf
of All Other Persons Similarly Situated,

                          Plaintiffs,
     -against-

THE DEPARTMENT OF CORRECTIONS OF
THE CITY OF NEW YORK and THE CITY
OF NEW YORK,

                          Defendants.
-----------------------------------------------------------X

ECF 2008 Civ:

**Collective
Action Complaint
Demand for Jury Trial**

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## INTRODUCTION

Plaintiff, and the putative members of the collective action are Correction Officers ("COs") employed by the Department of Corrections ("DOC"), an agency of the City of New York ("NYC"). This action is brought pursuant to the Fair Labor Standards Act ("FLSA") seeking to compensate them for the time spent putting on their required uniforms and equipment and the time spent changing back into their street clothes at the end of their tour of duty ("Donning and Doffing") as well as the time for their meal

{00008806:}

breaks since they are required to be in uniform and remain in the facility during meal breaks for emergencies that might arise.

## NATURE OF ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees, classified by Defendants as correction officers, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§216 (b), that they are: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all, as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331 and 1337. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

3. Venue is proper in this district pursuant to 29 U.S.C. §1391 as Defendants' principal places of businesses are in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

5. Plaintiff at all relevant times is and was a resident of Rosedale in the County of Queens in the State of New York.

6. Defendant, NYC, is a municipality organized and existing pursuant to the laws of the State of New York and maintains its principal place of business in the City, County and State of New York

7. Defendants DOC and NYC are, and at all times material hereto, were public agencies within the meaning of FLSA Sec. 3(x), 29 U.S.C. 203 (x).

8. Defendants DOC and NYC are, and at all times material hereto, political subdivisions of the State of New York and a local government "employer" within the meaning of 29 U.S.C. 203 (r) and (s).

## COLLECTIVE ACTION ALLEGATIONS

9. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since March 27, 2005 to the entry of judgment in this case (the "Collective Action Period"), as COs and who were not paid for all of the hours that they worked and received no compensation for overtime rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

10. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 10,000 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

12. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

    b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c. whether Defendants failed to pay the Collective Action Members for all hours worked by them as well as overtime compensation for all of the hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    d.  whether the time spent by the Collective Action Members donning their required uniform and equipment at the beginning of their work shift and the time spent doffing same at the end of the shift were done primarily for the benefit of Defendants and were integral and indispensable to Defendants' business operations and constitute compensable work time;

    e.  whether the restrictions by Defendants placed on the meal breaks of the Collective Action Members deem such time as compensable work time;

    f.  whether the Defendants have failed to compensate the Collective Action Members in connection with interruptions to their meal breaks;

    g.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    h.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    i.  whether Defendants should be enjoined from such violations of the FLSA in the future.

14. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF THE FACTS

15. Plaintiff was a CO employed by Defendants at their facility on Rikers Island, Bronx County, New York from on or about May, 1991 until the present (the "time period").

16. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

17. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

18. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff (and all other COs) compensation for all hours worked by him as well as overtime compensation of one and one-half times his regular hourly rate. Specifically, Defendants have failed to pay Plaintiff and the Class Action Members for the time spent donning and doffing their uniforms and equipment as well as the time for their meal breaks.

19. In addition to Plaintiff, during the time period, Defendants usually employed al least 8,000 other CO employees simultaneously.

20. Throughout that time and, upon information and belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of

independent judgment. They do not have the authority to hire and fire other employees, and they are not responsible for making hiring and firing recommendations.

21. Such individuals have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them any compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate.

22. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

23. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment and the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records.

24. Upon information and belief, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

25. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

26. At all relevant times, Defendants have been and continue to be an employer within the meaning of FLSA, 29 U.S.C. §§203(s).

27. At all relevant times, Defendants employed and/or continued to employ, Plaintiffs within the meaning of the FLSA.

28. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

29. At all relevant times, the Defendants had a policy and practice of refusing to pay the COs for all of the hours worked by them as well as overtime compensation for their hours worked in excess of forty hours per workweek.

30. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action Members, for all hours worked by them as well as for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

31. As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

33. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, are entitled to recover from Defendants their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable

attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff on behalf of himself and all other similarly situated Collective Action Members respectfully request that this Court grant the following relief:

    a.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

    b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    c.    An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    d.    An order equitably tolling the Statute of Limitations for a period of 6 years prior to the commencement of this action;

    e.    An award of unpaid wages and overtime compensation due under the FLSA;

    f.      An award of liquidated damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

    g.      An award of prejudgment and post-judgment interest;

    h.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    i.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
March 27, 2008

THE LAW OFFICE OF PAUL B. WEITZ
Paul B. Weitz, Esq. (PW-0025)
Attorneys for Plaintiff, Individually and on
Behalf of All Other Persons Similarly Situated
233 Broadway, 5th Floor
New York, New York 10279
Tel: (212)346-0045
Fax: (212)346-0876

Co-Counsel
Jeffrey M. Gottlieb, Esq. (JG-7905)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284

Exhibit A


90000 SERIES
30% P.C.W.

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _the City of New York_ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   1/16/08   Eric Edwards
Signature          Date     Print Name

ECF 2008 CIV: _____

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC EDWARDS, Individually and on Behalf of
All Other Persons Similarly Situated,

                          Plaintiffs,

-against-

THE DEPARTMENT OF CORRECTIONS OF
THE CNY and THE CITY OF NEW YORK,

                          Defendants.

## COMPLAINT

PAUL B. WEITZ & ASSOCIATES PC
Paul B. Weitz, Esq., PW-0025
*Attorneys for Plaintiffs*
233 Broadway, 5th Floor
New York, New York  10279-0003
(212) 346-0045

*CO-COUNSEL:*
Jeffrey M. Gottlieb, Esq. JG-7905
*Attorneys for Plaintiffs*
150 E. 18th Street, Suite PHR
New York, New York 10003
(212) 228-9795

Service of copy of the within        *is hereby admitted.*

Dated:

                    ..............................
                    *Attorneys for*

PAUL B. WEITZ & ASSOCIATES PC
Paul B. Weitz, Esq., PW-0025
*Attorneys for Plaintiffs*
233 Broadway, 5th Floor
New York, New York  10279-0003
(212) 346-0045

*CO-COUNSEL:*
Jeffrey M. Gottlieb, Esq. JG-7905
*Attorneys for Plaintiffs*
150 E. 18th Street, Suite PHR
New York, New York 10003
(212) 228-9795

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

ERIC EDWARDS, Individually and on Behalf of
All Other Persons Similarly Situated,

SUMMONS IN A CIVIL ACTION

V.

THE DEPARTMENT OF CORRECTIONS OF
THE CNY and THE CITY OF NEW YORK,

CASE NUMBER:

JUDGE COTE

08 CV 3134

TO: (Name and address of Defendant)

Dept. of Corrections of the CNY, 60 Hudson St., 6th Floor, NY NY 10013
City of New York Law Dept., 100 Church St., NY NY 10007

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

PAUL B. WEITZ & ASSOCIATES, PC
233 Broadway, 5th Floor
New York, New York 10279
(212) 346-0045

Co-Counsel:
JEFFREY M. GOTTLIEB, ESQ.
150 East 18th Street, Suite PHR
New York, New YOrk 10003
(212) 228-9795

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAR 2 7 2008

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                      Date                        *Signature of Server*

                                          _____
                                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

ECF 2008 CIV: _____

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC EDWARDS, Individually and on Behalf of
All Other Persons Similarly Situated,

                                      Plaintiffs,

    -against-

THE DEPARTMENT OF CORRECTIONS OF
THE CNY and THE CITY OF NEW YORK,

                                      Defendants.

## SUMMONS

PAUL B. WEITZ & ASSOCIATES PC
Paul B. Weitz, Esq., PW-0025
*Attorneys for Plaintiffs*
233 Broadway, 5th Floor
New York, New York 10279-0003
(212) 346-0045

*CO-COUNSEL:*
Jeffrey M. Gottlieb, Esq. JG-7905
*Attorneys for Plaintiffs*
150 E. 18th Street, Suite PHR
New York, New York 10003
(212) 228-9795

Service of copy of the within        is hereby admitted.

Dated:

                ............................
                *Attorneys for*

PAUL B. WEITZ & ASSOCIATES PC
Paul B. Weitz, Esq., PW-0025
*Attorneys for Plaintiffs*
233 Broadway, 5th Floor
New York, New York 10279-0003
(212) 346-0045

*CO-COUNSEL:*
Jeffrey M. Gottlieb, Esq. JG-7905
*Attorneys for Plaintiffs*
150 E. 18th Street, Suite PHR
New York, New York 10003
(212) 228-9795