

# PAUL B. WEITZ & ASSOCIATES, PC

ATTORNEYS AT LAW
WOOLWORTH BUILDING
233 BROADWAY - 5TH FLOOR
NEW YORK, NY 10279-0003
WWW.WEITZKLEINICK.COM
(212) 346-0045
FAX (212) 346-0876

*Paul B. Weitz, Esq., Senior Partner*
*Douglas A. Milch, Esq.*
*Michael A. Fischbein, Esq.*

*Adam Silvera, Esq.*
*Jeffrey S. Matty, Esq.*

*Of Counsel:*
*Harvey Weitz, Esq.*
*Andrew L. Weitz, Esq.*
*Kim E. Mazzatto, Esq.*
*Steven Gold, Esq.*

May 29, 2008

Honorable Denise L. Cote
United States District Judge
Southern District Ct. of New York
500 Pearl Street
New York, New York 10007

RECEIVED JUN 0 4 2008 CHAMBERS OF DENISE COTE

   Re: Eric Edwards v. City of New York, e al.
      08 Civ. 3134 (DLC)

Dear Judge Cote:

  We represent the plaintiff in the above referenced class action matter. We write regarding defendants April 24, 2008 correspondence requesting an extension of time to answer. We formally oppose such application for the reasons summarized below.

  The April 24 request – a copy of which is attached for ready reference -- does not accurately represent the facts subsequent to service of the summons and complaint. While we did agree to an extension of time, the agreement was *explicitly premised* on waiver of any affirmative defenses based on improper jurisdiction/service. This fact was not noted in defendant's application.

  <u>After</u> the April application for extension of time was received, the undersigned timely contacted counsel reminding them of the prior agreement. A stipulation was forwarded to defense counsel. Unfortunately, defense counsel has only now indicated they would not execute said stipulation.

  The request for an extension of time to answer should also be denied because the subject stipulation also requested that defendants enter into a "tolling agreement" a common provision in litigation of this type.

  Failure to execute the tolling agreement results in direct prejudice to potential class members because this litigation under the Fair Labor Standard Act ("FLSA") is generally speaking governed by an "opt in" provision and thus, potential class members window of time to opt in is narrowed by the delay in answering. (A copy of the stipulation/tolling agreement is also annexed for ready reference).

{00010031:}

PAUL B. WEITZ & ASSOCIATES, PC

    Judge Cote
    May 29, 2008
    Page 2

    It should be noted that the instant letter is submitted reluctantly and only after counsel conducted a "meet and confer" e-mail exchange on this issue.

    Given the above, it is respectfully requested that the request for an extension of time to answer be denied.

                                             Respectfully Submitted,

                                           Douglas A. Milch, Esq. (DM-9873)

DAM/rs

Cc:   Basil C. Sitaras, Esq. (BS-1027)
      Assistant Corporation Counsel
      100 Church Street
      New York, New York 10007

*Denied.*

*[signed] Denise Cote*
*June 4, 2008*

{00010031.}