Civil Action No.: 08 Civ. 3134 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC EDWARDS, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

-against-

THE DEPARTMENT OF CORRECTION OF THE CITY OF NEW YORK and THE CITY OF NEW YORK,

Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT IN PART**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-108*
*New York, N.Y. 10007*

*Of Counsel: Basil C. Sitaras*
*Tel: (212) 788-0879*
*Matter No.: 2008-014682*

PAUL MARKS,
BASIL C. SITARAS,
  Of Counsel.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------------ X
ERIC EDWARDS, Individually and on Behalf of All
Other Persons Similarly Situated,

                                                                       Plaintiffs,

                        -against-

THE DEPARTMENT OF CORRECTION OF THE       08 Civ. 3134 (DLC)
CITY OF NEW YORK and THE CITY OF NEW
YORK,

                                                           Defendants.
------------------------------------------------------------------ X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT IN PART**

## PRELIMINARY STATEMENT

On June 13, 2008, defendants moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in part. Defendants argued that, as a matter of law, time spent by New York City Correction Officers donning and doffing uniforms is non-compensable under the FLSA, and thus that portion of the complaint fails to state a claim. Moreover, defendants argued that the claims against defendant New York City Department of Correction ("DOC") should be dismissed because it is not a suable entity. Plaintiffs filed their opposition to defendants' motion to dismiss on July 18, 2008. As a threshold matter, plaintiffs failed to address defendants' argument that all claims against DOC must be dismissed, and thus defendants respectfully submit that plaintiffs have conceded this argument. Furthermore, defendants maintain that under controlling Second Circuit precedent, the donning and doffing of uniforms by Correction Officers remains non-compensable under the FLSA.

## ARGUMENT

## TIME SPENT DONNING AND DOFFING UNIFORMS IS NON-COMPENSABLE UNDER THE FLSA.

Plaintiffs rely primarily on the Supreme Court case of IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), to support their position that the donning and doffing of uniforms by Correction Officers is sufficient to set forth a claim under the FLSA. However, plaintiffs' reliance upon IBP is misplaced. While it is true that the Supreme Court in IBP held "that any activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity' under § 4(a) of the Portal-to-Portal Act," the question presented to the Supreme Court in that case – which deems it inapplicable to the instant motion – was "whether postdonning and predoffing walking time is specifically excluded by § 4(a)(1)." Id. at 37, 30 (emphasis added). More importantly, in the consolidated cases considered by the Court in IBP, the lower courts already found that the required protective gear related to the cases was integral and indispensable, and thus the Supreme Court did not even address this issue. Id. at 32 ("Thus, the only question for us to decide is whether the Court of Appeals correctly rejected IBP's contention that the walking between the locker rooms and the production areas is excluded from FLSA coverage by § 4(a)(1) of the Portal-to-Portal Act."). Therefore, the controlling precedent for the purposes of this motion remains Gorman v. Consol. Edison Corp., 488 F.3d 586 (2d Cir. 2007), which followed and interpreted both IBP and Steiner v. Mitchell, 350 U.S. 247 (1956), another case cited by plaintiffs in their opposition.

Steiner is also distinguishable from the instant action. In Gorman, the Second Circuit found that "Steiner therefore supports the view that when work is done work is done in a lethal atmosphere, the measures that allow entry and immersion into the destructive element may be integral to all work done there, just as a diver's donning of wetsuit, oxygen tank and

2

mouthpiece may be integral to the work even though it is not the (underwater) task that the employer wishes done." 488 F.3d at 593 (emphasis added). New York City correctional facilities are plainly not "lethal atmospheres" in and of themselves, which is the factor that Steiner considered persuasive to make an the donning and doffing of protective gear compensable. Therefore, the donning and doffing of protective gear by Correction Officers, which they are required to wear in order to safely work in their given environment, falls within the category of "indispensable to plaintiffs' principal activities without being integral," and thus remain non-compensable under Gorman and the FLSA. Id. at 594 (emphasis added).

Plaintiffs failed to show that Gorman is distinguishable from the present case. First, plaintiffs state that protective gear which they wear, primarily a bullet resistant vest and a canister of tear gas, are not the "generic protective gear" addressed in Gorman because they are "specialized pieces of safety equipment not commonly available to the general public." Second, plaintiffs state that Gorman cites IBP regarding "non-unique 'gear.'" Taken together, however, these do not distinguish Gorman from the case at bar. As to the latter argument set forth by plaintiffs, Gorman does cite IBP, but for the same purpose as discussed above which distinguishes IBP from the instant action: namely, "that the parties left uncontested the [previously adjudged] finding that the donning and doffing of 'unique protective gear' constitute 'principal activities'; at issue in the Supreme Court [in IBP] was: whether employees must be paid for time waiting to enter the locker room, time in transit from the locker room to the job-site, and time in transit back to the locker room." Gorman, 488 F.3d at 591. Thus, Gorman remains controlling. As to plaintiffs' former argument, defendants submit that when Gorman, IBP, Steiner, and the cases to which the decisions cite, are considered together, the protective gear at issue in this case is more properly characterized as "generic protective gear" that is

3

indispensable but not integral as a matter of law, than as gear which is both indispensable and integral, such as when immersion into a lethal environment is required. Plaintiffs can set forth no set of facts to establish that the protective equipment required of them is absolutely necessary to the primary activities of their job, or stated otherwise, that it would be absolutely impossible to perform their primary activities without donning and doffing this protective gear.

The cases which plaintiffs cite to support their argument that Correction Officers' uniforms are integral and indispensable to their principal activities are both unpersuasive and without precedential weight. While defendants acknowledge they also cited to cases from outside the Second Circuit, defendants submit that the reasoning of the courts in Abbe v. City of San Diego, 2007 U.S. Dist. LEXIS 87501 (S.D. Cal. 2007), and Martin v. City of Richmond, 504 F. Supp. 2d 766, 774 (N.D. Cal. 2007),[1] trump that of plaintiffs' cited authority. At most, these contravening cases simply establish the fact that there is a split in current authority. However, it remains clear that within the Second Circuit, Gorman governs the issue of whether the donning and doffing of equipment is compensable under that statute. For example, plaintiffs' reliance on Spoerle v. Kraft Foods Global, Inc. must be discounted entirely, especially since Spoerle directly contradicts and criticizes Gorman. 527 F. Supp. 2d 860 (W.D. WI. 2007). Furthermore, it bears worth repeating, as argued in defendants' original memorandum of law, that Gorman has been followed by many other courts and jurisdictions. See Bamonte v. City of Mesa, 2008 U.S. Dist.

---

[1] While plaintiffs attempt to argue that Martin supports their argument, plaintiffs are mistaken. Defendants in Martin were successful in obtaining summary judgment on the issue of donning and doffing of uniforms. The portion of the case which survived summary judgment in Martin concerned certain duty equipment, which is described thusly: "badges, handcuffs, batons, firearms, holsters, whistles, gas masks, safety vests, flashlights, helmets, and body armor." Martin, 504 F. Supp. 2d at 774. Plaintiffs' complaint in the instant action describes only "uniforms and equipment" generally, and even if plaintiffs' contentions in opposition to this motion regarding bullet resistant vests and tear gas canisters are to be considered, these are minor in comparison to the items which constitute duty equipment in Martin. However, even assuming they could be seen to rise to the level of duty equipment in Martin, defendants maintain that the donning and doffing of such equipment would remain non-compensable under Gorman.

LEXIS 31121, *12-13 (D.Ariz. 2008); Alford v. Perdue Farms, Inc., 2008 U.S. Dist. LEXIS 24948 (M.D.Ga. 2008); Reich v. IBP, Inc., 38 F.3d 1123, 1126 (10th Cir. 1994) (holding that donning and doffing safety glasses, a pair of earplugs, a hard hat and safety shoes, "although essential to the job, and required by the employer," are pre- and postliminary activities); Anderson v. Pilgrim's Pride Corp., 147 F. Supp. 2d 556, 563 (E.D. Tex. 2001) (same), aff'd, 44 Fed. Appx. 652 (5th Cir. 2002) (not precedential).

Furthermore, plaintiffs concede that defendants have no requirement that Correction Officers must don and doff their uniforms at the facility to which they are assigned. The representative plaintiff, Eric Edwards, offers only an entirely unpersuasive reason for his not donning his uniform at home: namely, that he is scared to wear it on the way to work. See Edwards Affidavit, ¶ 7. Plaintiff's purported fear of wearing his uniform outside of a city correctional facility, however, does not constitute a mandate by DOC, nor does the nature of the job require, that donning and doffing take place on DOC's premises. Therefore, under the FLSA, where defendants do not require plaintiffs to don and doff their uniforms on DOC premises, this activity is non-compensable, regardless of whether plaintiffs actually choose to don and doff their uniforms at home or on DOC premises. Accordingly, under the controlling authority of Gorman, the donning and doffing of uniforms and equipment by Correction Officers, while indispensable, is not integral to their primary activities, and thus is non-compensable under the FLSA.

## CONCLUSION

For the foregoing reasons, and for those stated in defendants' original memorandum of law, defendants respectfully request that the Court dismiss plaintiffs' claim based on the donning and doffing of their uniforms, and grant such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            July 28, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendants
        100 Church Street, Room 2-108
        New York, New York  10007
        (212) 788-0879
        bsitaras@law.nyc.gov

By: _____/s/_____
     Basil C. Sitaras (BS-1027)
     Assistant Corporation Counsel

PAUL MARKS,
BASIL C. SITARAS,
  Of Counsel.