UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ERIC EDWARDS, Individually and on Behalf of All Other Persons Similarly Situated,

                                  Plaintiffs,

-against-

THE DEPARTMENT OF CORRECTION OF THE CITY OF NEW YORK[1] and THE CITY OF NEW YORK,

                                  Defendants.

**ANSWER TO THE COLLECTIVE ACTION COMPLAINT**

08 Civ. 3134 (DLC)

------------------------------------------------------------------------ x

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Collective Action Complaint ("complaint"), respectfully alleges as follows:

        1.     Denies the allegations set forth in the "Introduction" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        3.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to state the basis for venue in this Court as stated therein.

---

[1] The New York City Department of Correction was dismissed by Court Order dated August 6, 2008.

- 2 -

     5.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the power of this Court to issue a declaratory judgment as stated therein.

     6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

     7.     Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

     8.     Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a public agency within the meaning of the Fair Labor Standards Act ("FLSA").

     9.     Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

     10.     Denies the allegations set forth in paragraph "9" of the complaint.

     11.     Denies the allegations set forth in paragraph "10" of the complaint.

     12.     Denies the allegations set forth in paragraph "11" of the complaint.

     13.     Denies the allegations set forth in paragraph "12" of the complaint.

     14.     Denies the allegations set forth in paragraph "13" of the complaint, including all subparts.

     15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

16. Denies the allegation set forth in paragraph "15" of the complaint, except admits that plaintiff has been employed by the New York City Department of Correction ("DOC") as a Correction Officer from May 1991 until the present.

17. Denies the allegation set forth in paragraph "16" of the complaint, except admits that plaintiff has been employed by DOC as a Correction Officer from May 1991 until the present.

18. Denies the allegations set forth in paragraph "17" of the complaint.

19. Denies the allegations set forth in paragraph "18" of the complaint.

20. Denies the allegations set forth in paragraph "19" of the complaint, except admits that DOC employs approximately 8,215 Correction Officers at the present time.

21. Denies the allegations set forth in paragraph "20" of the complaint.

22. Denies the allegations set forth in paragraph "21" of the complaint.

23. Denies the allegations set forth in paragraph "22" of the complaint.

24. Denies the allegations set forth in paragraph "23" of the complaint.

25. Denies the allegations set forth in paragraph "24" of the complaint.

26. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "25" inclusive of their answer, as is fully set forth herein.

27. Denies the allegations set forth in paragraph "26" of the complaint, except admits that the City of New York is an employer within the meaning of the FLSA.

28. Denies the allegations set forth in paragraph "27" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff purports to proceed as stated therein.

30. Denies the allegations set forth in paragraph "29" of the complaint.

31. Denies the allegations set forth in paragraph "30" of the complaint.

32. Denies the allegations set forth in paragraph "31" of the complaint.

33. Denies the allegations set forth in paragraph "32" of the complaint.

34. Denies the allegations set forth in paragraph "33" of the complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

### AS AND FOR A FIRST DEFENSE:

35. Plaintiff fails to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent.

### AS AND FOR A SECOND DEFENSE:

36. The complaint is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE:

37. Plaintiff is barred from recovery of some or all of the damages sought because he is not authorized by the FLSA, the Constitution of the State of New York and/or the United States Constitution.

**AS AND FOR A FOURTH DEFENSE**

38. This case may not be maintained as a collective action because the named plaintiff is not similarly-situated to or an otherwise adequate representative for the persons whom he purports to represent.

**AS AND FOR A FIFTH DEFENSE**

39. Some or all of plaintiff's claims are preempted.

**AS AND FOR A SIXTH DEFENSE**

40. To the extent that the named plaintiff purports to bring a representative action, he is barred on constitutional grounds from doing so unless he demonstrates that a liability finding as to one plaintiff (or sub-group of plaintiffs) necessarily determines liability as to others.

**AS AND FOR A SEVENTH DEFENSE**

41. Plaintiff is estopped from asserting some or all of the claims asserted in the complaint because defendant City of New York's actions were based upon and in accordance with the governing collective bargaining agreements and the past practices established thereunder.

**AS AND FOR AN EIGHTH DEFENSE**

42. Plaintiff has waived some or all of the claims asserted in the complaint by virtue of the collective bargaining agreements that govern the terms and conditions of their employment.

**AS AND FOR A NINTH DEFENSE**

43. Plaintiff's claims are barred, in whole or in part, by their failure to exhaust contractual remedies.

### AS AND FOR A TENTH DEFENSE

44. Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

### AS AND FOR AN ELEVENTH DEFENSE

45. Plaintiff's claims are barred, in whole or in part, by operation of the Portal-to-Portal Act.

### AS AND FOR A TWELFTH DEFENSE

46. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

### AS AND FOR A THIRTEENTH DEFENSE

47. Defendant City of New York has no overtime liability under the FLSA because it is entitled to credits for contractual premium payments under the governing collective bargaining agreements.

### AS AND FOR A FOURTEENTH DEFENSE

48. Defendant City of New York has at all times acted in good faith and had reasonable grounds for believing that DOC and/or City of New York pay practices complied with the FLSA.

### AS AND FOR A FIFTEENTH DEFENSE

49. Some or all of plaintiffs' claims are barred, in whole or in part, because they are exempt under § 213(a)(1) of the FLSA.

### AS AND FOR A SIXTEENTH DEFENSE

50. The Tenth Amendment to the United States Constitution bars plaintiffs' claims as to liability, damages and/or other relief sought.

**WHEREFORE**, defendant City of New York respectfully requests that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           September 5, 2008

>                           MICHAEL A. CARDOZO
>                           Corporation Counsel of the
>                             City of New York
>                           Attorney for Defendant City of New York
>                           100 Church Street, Room 2-108
>                           New York, New York 10007
>                           (212) 788-0879
>
>                           By:        /s/
>                              Basil C. Sitaras (BS-1027)
>                              Assistant Corporation Counsel
>                              bsitaras@law.nyc.gov

To:   William C. Rand, Esq.
      Law Office of William Coudert Rand
      711 Third Ave., Suite 1505
      New York, N.Y. 10017
      (212) 286-1425

Docket No. 08 Civ. 3134 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC EDWARDS, Individually and on Behalf of All Other Persons Similarly Situated,

                            Plaintiffs,

-against-

THE DEPARTMENT OF CORRECTION OF THE CITY OF NEW YORK and THE CITY OF NEW YORK,

                            Defendants.

**ANSWER TO THE COLLECTIVE ACTION COMPLAINT**

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
   *Attorney for Defendant City of New York*
   *100 Church Street, Room 2-108*
   *New York, NY 10007*

   *Of Counsel: Basil C. Sitaras*
   *Tel: (212) 788-0879*
   *Matter No. 2008-014682*

*Due and timely service is hereby admitted*

*New York, N.Y. ..................................... , 200 . . .*

*................................................................. Esq.*

*Attorney for ...........................................................*