UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

| | |
|---|---|
| ERIC EDWARDS, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                                        Plaintiffs,<br><br>              -against-<br><br>THE CITY OF NEW YORK,<br><br>                                        Defendant. | **DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 56.1(B) STATEMENT RESPONDING TO DEFENDANT'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**<br><br>08 Civ. 3134 (DLC) |

------------------------------------------------------------------- x

Pursuant to Local Rule 56.1, defendant submits the following response to Plaintiffs' Rule 56.1(b) Statement Responding to Defendant's Rule 56.1 Statement of Uncontested Facts and Plaintiffs' Statement of Material Issues of Fact ("Plaintiff's 56.1 Response"):

      1.      To the extent that plaintiffs admit paragraph "1," no response from defendant is required.

      2.      To the extent that plaintiffs admit paragraph "2," no response from defendant is required.

      3.      To the extent that plaintiffs admit paragraph "3," no response from defendant is required.

      4.      Plaintiffs deny the allegations set forth in paragraph "4" without offering a basis for their denial or citing to any evidence that would create an issue of fact as to what claims were dismissed by the Court or the statute of limitations that must be applied in this case and defendant respectfully refers the Court to the Decision & Order and pleading cited in paragraph

"4" of Defendant's Local Civil Rule 56.1 Statement of Undisputed Material Facts ("Defendant's 56.1 Statement"), dated March 16, 2012.

5. Plaintiffs deny the allegations set forth in paragraph "5" without offering a basis for their denial or citing to any evidence that would create an issue of fact as to the sole remaining claim in the instant action and defendant respectfully refers the Court to the so-ordered stipulation cited in paragraph "5" of Defendant's 56.1 Statement.

6. To the extent that plaintiffs admit paragraph "6," no response from defendant is required.

7. To the extent that plaintiffs admit paragraph "7," no response from defendant is required."

8. To the extent that plaintiffs admit paragraph "8," no response from defendant is required.

9. To the extent that plaintiffs admit paragraph "9," no response from defendant is required.

10. Plaintiffs deny the allegations set forth in paragraph "10" without offering a basis for their denial or any citations to evidence that would create an issue of fact as to this testimony and defendant respectfully refers the Court to the deposition testimony cited in paragraph "10" of Defendant's 56.1 Statement for a true and accurate statement of its contents.

11. Plaintiffs deny the allegations set forth in paragraph "11" without offering a basis for their denial, nor do they create an issue of fact as to the testimony, and defendant respectfully refers the Court to the deposition testimony cited in paragraph "11" of Defendant's 56.1 Statement for a complete and accurate statement of its contents.

12. Plaintiffs deny the allegations set forth in paragraph "12" without offering a basis for their denial, nor do they create an issue of fact as to the testimony, and defendant respectfully refers the Court to the deposition testimony cited in paragraph "12" of Defendant's 56.1 Statement for a complete and accurate statement of its contents.

13. Plaintiffs deny the allegations set forth in paragraph "13" without offering a basis for their denial, nor do they create an issue of fact as to the testimony and defendant respectfully refers the Court to the deposition testimony cited in paragraph "13" of Defendant's 56.1 Statement for a complete and accurate statement of their contents.

14. Plaintiffs deny the allegations set forth in paragraph "14" without offering a basis for their denial or citations to evidence that would create an issue of fact as to whether they received overtime, and defendant respectfully refers the Court to the deposition testimony cited in paragraph "14" of Defendant's 56.1 Statement for a complete and accurate statement of their contents.

15. Plaintiffs deny the allegations set forth in paragraph "15" without offering a basis for their denial or citations to evidence that would create an issue of fact as to how plaintiffs signed in and out of the log book, and, defendant respectfully refers the Court to the deposition testimony cited in paragraph "15" of Defendant's 56.1 Statement for a complete and accurate statement of their contents.

16. Denies that paragraph "16" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Colon and

defendant respectfully refers the Court to the deposition testimony and exhibits cited in paragraph "16" of its 56.1 Statement for a complete and accurate statement of their contents.

17. Denies that paragraph "17" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Washington and defendant respectfully refers the Court to the deposition testimony cited in paragraph "17" of its 56.1 Statement for a complete and accurate statement of their contents.

18. Denies that paragraph "18" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Crivera and defendant respectfully refers the Court to the deposition testimony and exhibits cited in paragraph "18" of its 56.1 Statement for a complete and accurate statement of their content.

19. Denies that paragraph "19" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Allbright and defendant respectfully refers the Court to the deposition testimony and exhibits cited in paragraph "19" of its 56.1 Statement for a complete and accurate statement of their contents.

20. Denies that paragraph "20" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an

issue of fact as to the testimony or the amount of overtime earned by plaintiff Been and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "20" of its 56.1 Statement for a complete and accurate statement of their contents.

21. Denies that paragraph "21" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Miller and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "21" of its 56.1 Statement for a complete and accurate statement of their contents.

22. Denies that paragraph "22" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Ladson and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "22" of its 56.1 Statement for a complete and accurate statement of their contents.

23. Denies that paragraph "23" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Contreras and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "23" of its 56.1 Statement for a complete and accurate statement of their contents.

24. Denies that paragraph "24" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited,"

plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Sanders and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "24" of its 56.1 Statement for a complete and accurate statement of their contents.

25. Denies that paragraph "25" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Franco and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "25" of its 56.1 Statement for a complete and accurate statement of their contents.

26. Denies that paragraph "26" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Jackson-Gaspard and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "26" of its 56.1 Statement for a complete and accurate statement of their contents.

27. Denies that paragraph "27" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Gershonowitz and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "27" of its 56.1 Statement for a complete and accurate statement of their contents.

28. Denies that paragraph "28" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Bass and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "28" of its 56.1 Statement for a complete and accurate statement of their contents.

29. Denies that paragraph "29" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Shaw and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "29" of its 56.1 Statement for a complete and accurate statement of their contents.

30. Denies that paragraph "30" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Steele and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "30" of its 56.1 Statement for a complete and accurate statement of their contents.

31. Denies that paragraph "31" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Crespo and

defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "31" of its 56.1 Statement for a complete and accurate statement of their contents.

32. Denies that paragraph "32" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Rivera and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "32" of its 56.1 Statement for a complete and accurate statement of their contents.

33. Denies that paragraph "33" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Kinard and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "33" of its 56.1 Statement for a complete and accurate statement of their contents.

34. Denies that paragraph "34" of Defendant's 56.1 Statement "calls for a legal conclusion," and to the extent that plaintiffs "do not admit the truth of the testimony cited," plaintiffs offer no basis for the denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony or the amount of overtime earned by plaintiff Monclova and defendant respectfully refers the Court to the deposition testimony and exhibit cited in paragraph "34" of its 56.1 Statement for a complete and accurate statement of their contents.

35. Plaintiffs deny the allegations set forth in paragraph "35" without offering a basis for their denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony and, defendant respectfully refers the Court to the deposition testimony cited in

paragraph "35" of Defendant's 56.1 Statement for a complete and accurate statement of its contents.

  36. Plaintiffs deny the allegations set forth in paragraph "36" without offering a basis for their denial and the citations provided by plaintiffs do not create an issue of fact as to the testimony and, defendant respectfully refers the Court to the deposition testimony cited in paragraph "36" of Defendant's 56.1 Statement for a complete and accurate statement of its contents.

  37. Plaintiffs deny the allegations set forth in paragraph "37" without offering a basis for their denial and the citations provided by plaintiffs do not create an issue of fact as to when overtime must be calculated for public employees engaging in law enforcement activities and, defendant respectfully refers the Court to the statute and regulation cited in paragraph "37" of Defendant's 56.1 Statement for a complete and accurate statement of their contents.

  38. Plaintiffs deny the allegations set forth in paragraph "38" without offering a basis for their denial and the citations provided by plaintiffs do not create an issue of fact as to whether the law enforcement exception applies to correction officers and, defendant respectfully refers the Court to the regulation cited in paragraph "38" of Defendant's 56.1 Statement for a complete and accurate statement of its contents.

  39. Plaintiffs deny the allegations set forth in paragraph "39" without offering a basis for their denial and the citations provided by plaintiffs do not create an issue of fact as to whether the City adopted a twenty-eight day work period and, defendant respectfully refers the Court to the administrative order cited in paragraph "39" of Defendant's 56.1 Statement for a complete and accurate statement of its contents.

40. Plaintiffs deny the allegations set forth in paragraph "40" without offering a basis for their denial and cite to no evidence that would create an issue of fact as to the Court's decision, defendant respectfully refers the Court to the Decision & Order cited in paragraph "40" of Defendant's 56.1 Statement for a complete and accurate statement of their contents.

41. Plaintiffs deny the allegations set forth in paragraph "41" without offering a basis for their denial, and defendant respectfully refers the Court to the so-ordered stipulation cited in paragraph "41" of Defendant's 56.1 Statement for a complete and accurate statement of its contents.

42. Denies that paragraph "42" of Defendant's 56.1 Statement contains a term that is "ambiguous and not defined," and respectfully refers the Court to the statute and regulation cited in paragraph "42" of Defendant's 56.1 Statement for a complete and accurate statement of their contents.

43. Plaintiffs deny the allegations set forth in paragraph "43" without offering a basis for their denial and cite to no evidence that would create an issue of fact as to the statements and conclusions made by defendant's expert, and defendant respectfully refers the Court to the expert report cited in paragraph "43" of Defendant's 56.1 Statement for a complete and accurate statement of its contents .

44. Plaintiffs deny the allegations set forth in paragraph "44" without offering a basis for their denial, and defendant respectfully refers the Court to the expert report cited in paragraph "44" of Defendant's 56.1 Statement. Further, defendant denies the assertions in paragraph "44" of Plaintiffs' 56.1 Response, objects to plaintiffs' reference to exhibits annexed to a declaration that is not part of this record, and, to the extent that such exhibits are considered, affirmatively states that plaintiffs' assertions are not supported by the testimony cited by

plaintiffs, and respectfully refers the Court to the deposition testimony cited therein for a complete and accurate statement of its contents.

    45.  To the extent that plaintiffs failed to respond to paragraph "45" of Defendant's 56.1 Statement, the Court should deem the paragraph admitted.

Dated:  New York, New York
      April 13, 2012

              MICHAEL A. CARDOZO
              Corporation Counsel of the
                City of New York
              Attorney for Defendant
              100 Church Street, Rm. 2-102
              New York, New York 10007
              (212) 788-0903
              mcarpent@law.nyc.gov

         By:   _____
              Megan Burrows Carpenter
              Assistant Corporation Counsel

Diana Goell Voigt,
  Megan Burrows Carpenter
  Of Counsel.

08 Civ. 3134 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC EDWARDS, Individually and on Behalf of All Other Persons Similarly Situated,

                                     Plaintiffs,

-against-

THE CITY OF NEW YORK,

                                     Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 56.1(B) STATEMENT RESPONDING TO DEFENDANT'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-102*
*New York, New York 10007*

*Of Counsel: Megan Burrows Carpenter*
*Tel.: (212) 788-0903*
*Matter No.: 2008-014682*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................., 2012

............................................................ *Esq.*

*Attorney for* ................ ................................